IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FLST, LTD, FLCT, LTD, AND FLSC, LTD, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:16-CV-00017-KPJ |
| | § | |
| v. | § | |
| | § | |
| EXPLORER PIPELINE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER AND OPINION

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment (Dkt. 48). Defendant filed a Response (Dkt. 52). Plaintiffs filed a Reply (Dkt. 53). For the following reasons, the Court finds Plaintiffs' motion (Dkt. 48) is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This matter involves a claim for trespass and concerns the existence and placement of a pipeline and easement on a seventeen (17) acre tract of land in Denton County, Texas (the "Property"). *See* Dkt. 48 at 6. In 1948, the then-owners of the Property granted an easement to Sinclair Refining Company to install and operate a petroleum products pipeline (the "Pipeline") on the Property, which was then a part of a larger tract of land. *See id.* at 7. Both ownership of the Property and rights under the easement passed to other parties several times in the subsequent decades. *See id.*

In 2001, the owners of the larger tract of land on which the Property was located, and the holders of the Pipeline easement at that time, entered into an amendment to the easement that allegedly relocated the easement to another portion of the then-owner's land (the "Amendment")

1

(Dkt. 48-7 at 11-13). Based on a review of the survey by Plaintiffs and of title documents by their real estate professionals, Plaintiffs purchased the Property with the understanding that several easements that were previously located on the Property had been abandoned or moved, and the Pipeline easement was one of those easements. *See* Dkt. 48-1 at 1-2. Defendant purchased the Pipeline in late 2007. *See* Dkt. 48-7 at 8.

In or around 2014, Plaintiffs began negotiating to sell the Property, along with other adjacent tracts of land as part of the same purchase, to JBGL Chateau, LLC ("JBGL"). *See* Dkt. 48-1 at 2. The parties to the transaction learned from JBGL's engineers that a pipeline might be located on the Property, and it was later confirmed. *See id.* Plaintiffs demanded Defendant to remove the Pipeline, but Defendant refused to do so. *See id.* Plaintiffs and JBGL adjusted the purchase price of the Property and amended their sales contract to reflect a sales price reduced by approximately $805,000.00. *See id.* On December 1, 2015, Plaintiffs closed on the sale of the Property. *See id.* at 3. On November 25, 2015, Plaintiffs filed suit against Defendant for damages resulting from the reduction in purchase price. *See* Dkt. 5.

On December 2, 2016, Defendant filed a Motion to Exclude Plaintiffs' Expert Andrew J. McRoberts. *See* Dkt. 30. Mr. McRoberts was previously designated by Plaintiffs as an expert witness to opine and testify regarding Plaintiffs' damages. *See id.* at 2. Mr. McRoberts prepared a report to address the reasonableness of an agreed price reduction, wherein he specifically stated that his report was not an appraisal and stated no opinion of the market value of the Property. *See id.* The Court held a hearing on Defendant's motion on January 18, 2017. *See* Dkt. 37. The Court ultimately concluded that Mr. McRoberts' report was not relevant to the determination of damages because he did not give an opinion as to the market value of the land immediately before and after the alleged trespass, and instead only gave an opinion as to the reasonableness of

the reduction of the sales price on the Property (which the Court found was relevant only to the issue of mitigation). *See* Dkt. 38.

On February 1, 2017, Plaintiffs filed a motion requesting the Court to designate a date of the alleged trespass for Plaintiffs' damages analysis. *See* Dkt. 39 at 4-6. On February 14, 2017, the Court ordered the parties to confer on the issue of the Court designating a date for the damages analysis. *See* Dkt. 44 at 2. If the parties could not agree to a date, the parties were ordered to file a motion for summary judgment limited to the issue of the damages analysis. *See id.* On February 22, 2017, Plaintiffs filed a motion for partial summary judgment, which was limited to this issue (Dkt. 48). On February 27, 2017, Defendant filed a response (Dkt. 52). On March 1, 2017, Plaintiffs filed a reply (Dkt. 53).

## II. <u>LEGAL STANDARD</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are

3

"irrelevant or unnecessary" do not affect the summary judgment determination. *See id.* at 248. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

### III. ANALYSIS

The proper measure of damages in this case is the difference in the market value of the Property immediately before the trespass began, and the value immediately after. *See Porras v. Craig*, 675 S.W.2d 503, 505 (Tex. 1984). Thus, the Court must determine when the trespass began. Plaintiffs submit that there are two (2) dates or time periods that are appropriate for indicating when the trespass began: (1) September 23, 2015, when Plaintiffs demanded Defendant to remove the Pipeline; or (2) August 12, 2014, when Plaintiffs first learned of the potential existence of the Pipeline. *See* Dkt. 48 at 11. Defendant argues the appropriate date for trespass is February 5, 2001, the date of the Amendment to the easement at issue. *See* Dkt. 52 at 8.

In Plaintiffs' Second Amended Complaint—the live pleading—Plaintiffs state that in 2001, Citgo Products Pipeline Company, the then owners of the Property, entered into the Amendment in which they deleted the legal description of the Pipeline easement and replaced it with another legal description. *See* Dkt. 26 at 2. Plaintiffs allege the Amendment re-located the Pipeline easement to a location off the Property, on an adjacent tract of land. *See id.* Taking Plaintiffs' allegations as true, if the Pipeline was not re-located off the Property as the Amendment allegedly required, then the Pipeline became unauthorized for the first time when the Amendment went into effect. *See Hillman v. City of McKinney*, 70 F. Supp. 3d 790, 804 (E.D. Tex. 2014) ("[A]lthough a person initially had a right to entry onto property, the moment this right to entry is exceeded, the person becomes a trespasser retrospectively from the moment

4

of entry."). The Amendment went into effect on February 5, 2001. Thus, the appropriate date to calculate Plaintiffs' alleged damages is on February 5, 2001, which is the date the alleged trespass cause of action occurred.

Plaintiffs argue the appropriate date the Court should use is "Fall 2015" or September 23, 2015, the date Plaintiffs demanded Defendant to remove the Pipeline. *See* Dkt. 48 at 11. Plaintiffs argue the word "immediate" is unclear; thus, the period of "Fall 2015" is sufficiently definite for the appraiser to use for their valuations. *See id.* In the alternative, Plaintiffs argue the date should be September 23, 2015. *See id.*

The cause of action for injury to real property accrues when the injury is committed. *See Exxon Corp. v. Emerald Oil & Gas Co. L.C.*, 331 S.W.3d 419. 424 (Tex. 2010). A claim accrues when the injury occurs, not afterward when the full extent of the injury is known. *See ExxonMobil Corp. v. Lazy R Ranch, LP*, 2017 WL 730424, at *3 (Tex. Feb. 24, 2017). As previously stated, the date the Amendment went into effect is the appropriate date to determine when Plaintiffs' trespass injury accrued, regardless of whether or not Plaintiffs were the owners of the Property. *See Emerald Oil*, 331 S.W.3d at 424 (right to sue is a personal right that belongs to the person who owns the property at the time of the injury). Thus, both "Fall 2015" and September 23, 2015, are inappropriate to use for Plaintiffs' damages analysis.

Plaintiffs attempt to use the doctrine of trespass *ab initio* to support their suggested date of September 23, 2015. *See* Dkt. 48 at 12-13. The doctrine states that a person that remains on property, after demand for their removal by the lawful possessor, becomes a trespasser *ab initio*. *See Hillman*, 70 F. Supp. 3d at 804 (citing *O'Kane v. Coleman*, 2008 WL 2579832, at *5 (Tex. App.—Houston [14th Dist.] July 1, 2008, no pet.)). However, the doctrine of trespasser *ab initio* operates simply as a mechanism for retrospectively making a person a trespasser from the

5

moment of entry, not as a means to create a new trespass every time a demand is made. *See Hillman*, 70 F. Supp. 3d at 804 (citing *Humphreys Oil Co. v. Liles*, 262 S.W. 1058, 1064 (Tex. Civ. App.—Waco 1924)) (the moment the right of entry is exceeded, the person becomes a trespasser retrospectively from the moment of entry). The right of entry was allegedly taken away in 2001 when the Amendment went into effect. *See* Dkt. 26 at 2. Thus, the doctrine of trespass *ab initio* does not support the September 23, 2015 date.

Plaintiffs argue, in the alternative, that the appropriate date to use in calculating damages is August 12, 2014, the date Plaintiffs discovered the Pipeline. *See* Dkt. 48 at 13-14. Plaintiffs' argument is misguided. The Texas Supreme Court has held that an action for permanent damages to land accrues, *for limitations purposes*, upon discovery of the first actionable injury and not on the date when the extent of damages to the land is fully ascertainable. *See Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984) (emphasis added). The trespass did not arise on the date Plaintiffs discovered the injury; instead the trespass occurred on the date Plaintiffs alleged the Amendment went into effect. Whether or not the trespass was discoverable does not affect the date used for the damages analysis, but may affect the analysis for limitations purposes. Thus, August 12, 2014, the date Plaintiffs allegedly discovered the Pipeline, is not the appropriate date for use in conducting a damages analysis.

Finally, Plaintiffs again argue that the trespass was temporary, rather than permanent. *See* Dkt. 48 at 14-16. The Court has already addressed this argument in a previous motion. *See* Dkt. 38. The trespass in this case is permanent, not temporary. *See RayMax Mgmt. L.P. v. Am. Tower Corp.*, 2016 WL 4248041 at *5 (Tex. App.—Fort Worth Aug. 11, 2016, pet. filed); *Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 881 (Tex. App.—Waco 2006, pet. denied); *Waddy*

*v. City of Hous.*, 834 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Thus, Plaintiffs' argument fails.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' motion (Dkt. 48) is **GRANTED IN PART** and **DENIED IN PART**. The appropriate date for the damages analysis is February 5, 2001.

**It is SO ORDERED.**

**SIGNED this 10th day of March, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE