IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FLST, LTD, FLCT, LTD, AND FLSC, LTD, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:16-CV-00017-KPJ |
| | § | |
| v. | § | |
| | § | |
| EXPLORER PIPELINE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER AND OPINION ON DEFENDANT'S MOTION
TO EXCLUDE PLAINTIFFS' EXPERT STEVE LAWRENCE**

Pending before the Court is Defendant Explorer Pipeline Company's Motion to Exclude Plaintiffs FLST, Ltd; FLSCT, Ltd; and FLSC, Ltd's Expert Steve Lawrence ("Mr. Lawrence") (Dkt. 29). Plaintiffs filed a Response (Dkt. 33), and Defendant filed a Reply (Dkt. 36). After considering the motion, responses, and relevant filings, the Court finds Defendant's motion (Dkt. 29) is **GRANTED IN PART** and **DENIED IN PART**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiffs' purchase and sale of a seventeen-acre tract of land in Flower Mound, Texas (the "Property") encumbered by a sixty-year-old interstate gas pipeline (the "Pipeline"). *See* Dkt. 29 at 1. In the late 1940s, the owners of the Property granted Sinclair Refining Company an easement to lay, maintain, and operate the Pipeline on the Property (the "Easement"). *Id.* Both ownership of the Property and rights under the Easement passed to other parties several times in the subsequent decades. *See* Dkt. 33 at 1. In 2001, an owner of the larger tract of land on which the Property was located, and the holders of the Easement, entered into an agreement to amend the Easement that allegedly relocated the Easement to another portion of the then-owner's

1

land (the "2001 Amendment"). *See id.* Plaintiffs purchased the Property in 2007, and later that same year, Defendant acquired the Pipeline and the Easement from CITGO Products Pipeline Company. *See id.* at 2.

In or around 2014, Plaintiffs began negotiating with JGBL Chateau, LLC ("JBGL") to sell the Property. *See id.* Plaintiffs and JBGL agreed on a purchase price for the Property of approximately $16.4 million, which was approximately $7.25 per square foot. *See id.* In August 2014, the parties learned from the purchaser's engineers, who were performing development analyses, that a pipeline may be located on the Property. *See id.* Plaintiffs confirmed with Defendant that the Pipeline was located on the Property, and demanded Defendant to remove the Pipeline. *See id.* Defendant refused; thus, Plaintiffs and JGBL adjusted the purchase price of the Property to account for its diminished value. *See id.* As a result, Plaintiffs filed suit against Defendant seeking damages incurred as a result of the adjusted purchase price of the Property. *See id.* at 2-3.

Plaintiffs assert damages against Defendant for permanent trespass. *See* Dkt. 26 at 3-4. In support of their claim against Defendant, Plaintiffs retained and designated Mr. Lawrence as one of their experts. *See* Dkt. 29-1 at 1. Mr. Lawrence is a Texas real estate lawyer and title examiner. *See* Dkt. 29-2 at 4. Mr. Lawrence has developed a report to determine: (1) the meaning of the language in the 2001 Amendment; (2) the standards of care applicable to an experienced Texas lawyer practicing real estate law conducting a real estate purchase due diligence investigation in 2007; and (3) the standards of care applicable to an experienced Texas title examiner conducting a diligent title examination for a purchaser in 2007. *See id.*

On December 2, 2016, Defendant filed a motion to strike Mr. Lawrence (Dkt. 29). On December 23, 2016, Plaintiffs filed a response (Dkt. 33). On December 30, 2016, Defendant filed a reply (Dkt. 36).

## II. LEGAL STANDARD

In *Daubert v. Merrell Dow Pharm., Inc.*, the Supreme Court instructed district courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. *See* 509 U.S. 579, 590-93 (1993). District courts must ensure that a proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." *See* FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 594. The *Daubert* analysis applies to all species of expert testimony. *See United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003).

The expert testimony must be relevant, such that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue. *See Daubert*, 509 U.S. at 591-92. The expert testimony must also be reliable, meaning that the testimony is: (1) based upon sufficient facts or data; (2) the product of reliable principles and methods; and (3) offered by a witness who has applied the principles and methods reliably to the facts of the case. *See* FED. R. EVID. 702.

Expert witnesses are not permitted to offer legal opinions under either Rule 702 or 704(a) of the Federal Rules of Evidence. *See Taylor Pipeline Constr., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (citing FED. R. EVID. 702, 704(a); *C.P. Interests, Inc. v. Cali. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)). It is the obligation of the court and the court alone to construe the documents and their legal effect. *See First Fed. Sav. & Loan Ass'n of Alexandria v. Botello*, 725 F.2d 350, 354 n.3 (5th Cir. 1984).

The *Daubert* framework is a flexible one. *See Daubert*, 509 U.S. at 594. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *See St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000).

### III. ANALYSIS

Defendant's primary argument is that Mr. Lawrence offers two legal opinions; thus, the Court should exclude his opinions. *See* Dkt. 29 at 4-6. First, Mr. Lawrence opines that the 2001 Amendment released the Easement and relocated it off the Property. *See id.* Second, Mr. Lawrence concludes that under the applicable standards of care, an experienced Texas real estate attorney or title examiner conducting a diligent investigation for a purchaser in 2007 would have concluded that the 2001 Amendment had released the Easement off the Property. *See id.* Defendant also argues under Rule 702, Mr. Lawrence's report regarding the standards of care applicable to conducting due diligence for a real estate purchase in 2007 will not assist the trier of fact to understand the evidence or determine a fact in issue. *See* Dkt. 29 at 10-11. Defendant does not appear to challenge Mr. Lawrence's principles and methods, application of principles and methods, or qualifications. *See* Dkt. 29. Thus, the Court will presume Mr. Lawrence has met those standards as required of an expert.

The Federal Rules of Evidence allow an expert to assert opinions that "embrace an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a). However, an expert witness may not offer opinions that amount to legal conclusions. *See C.P. Interests, Inc.*, 238 F.3d at 697; *see also Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, 2016 WL 4141118, at *3 (E.D. Tex. Aug. 4, 2016); *Calderon v. Bank of Am., N.A.*, 941 F. Supp. 2d 753, 759-60 (W.D. Tex. 2013) (noting that the law is not a proper subject of expert opinion testimony). The Fifth Circuit has held

that while experts may give their opinions on ultimate issues, our legal system reserves for the trial judge the role of deciding the law for the benefit of the jury. *See Sting Soccer*, 2016 WL 4141118, at *3 (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).

There is no issue as to whether Mr. Lawrence is qualified as an expert in the real estate industry. His testimony may help the trier of fact understand the evidence and otherwise satisfies the requirements of Rule 702. His testimony is generally admissible, except to his opinions regarding whether the 2001 Amendment released the Easement and relocated it off the Property. *See Webb v. City of Dall.*, 145 F. App'x 903, 906 (5th Cir. 2005) ("Under Texas law, both the interpretation of an unambiguous deed and the determination of whether a deed is ambiguous are questions of law for the court."); *Corley v. Entergy Corp.*, 246 F. Supp. 2d 565, 572 (E.D. Tex. 2003) ("The question of whether an easement is ambiguous and the interpretation of an unambiguous easement are questions of law appropriate for consideration on summary judgment."). However, "[i]nquiries involving the discovery rule usually entail questions for the trier of fact." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). The Court has found a fact issue as to whether Plaintiffs were reasonably diligent in conducting their investigation of the Property before purchasing it in 2007 (*see* Dkt. 68); thus, Mr. Lawrence's opinions regarding standards of care for a real estate attorney and/or title examiner are admissible. *See Waco Intern., Inc. v. KHK Scaffolding Hous. Inc.*, 278 F.3d 523, 533 (5th Cir. 2002) (finding an expert lawyer's testimony as to legal issues was permissible because the standard necessarily involved whether a lawyer was reasonable).

## IV. CONCLUSION

For the foregoing reasons, the Court finds Defendant's motion (Dkt. 29) is **GRANTED IN PART** and **DENIED IN PART**. The Court declines to exclude the opinions of Mr. Lawrence in

their entirety. However, to the extent Mr. Lawrence intends to instruct the Court about whether there was a breach of the 2001 Amendment, such testimony is inadmissible, will not be considered by the Court, and may not be offered at trial.

**It is SO ORDERED**.

**SIGNED this 24th day of August, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE